# UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| TIMOTHY L HENNINGER, | CASE NO.: |
| Plaintiff, | |
| v. | COMPLAINT |
| PINNACLE ASSET GROUP, LLC | |
| Defendants. | JURY TRIAL DEMANDED |

## COMPLAINT

1. This is an action for actual and statutory damages brought by Plaintiff, Timothy
   L. Henninger, an individual consumer, against Defendant, Pinnacle Asset Group,
   LLC., for violations of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692
   et seq. (hereinafter "FDCPA"), which prohibits debt collectors from engaging in
   abusive, deceptive, and unfair practices.

## JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1337 and pursuant to 15 U.S.C.
   § 1692k(d).   Declaratory relief is available pursuant to 28 U.S.C. § §2201 and
   2202.  Venue in this District is proper in that the defendant transacts business here
   and the alleged conduct occurred here.

## PARTIES

3. Plaintiff, Timothy L. Henninger (hereinafter Plaintiff), is a natural person who resides in the Town of Felton, County of Kent, State of Delaware, and is a "consumer" as defined by 15 U.S.C. § 1692a(3), and/or a person affected by a violation of the FDCPA with standing to bring this claim under 15 U.S.C. § 1692k(a).

4. Defendant, Pinnacle Asset Group, LLC. (hereinafter "Defendant"), at all times relevant hereto, is and was a Delaware limited liability company engaged in the business of collecting debt  consumer debt in Delaware with a primary place of business located at 3221 Southwestern Boulevard, Suite 30, Orchard Park, NY 14127, and is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

5. In or around 2000-2012, Plaintiff incurred financial obligations that were primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5), namely, personal credit card and household debt in various amounts.

6. Plaintiff filed a Chapter 7 bankruptcy on May 22, 2015 in the United States Bankruptcy Court in and for the District of Delaware which discharged all of

Plaintiff's unsecured debt obligations which were incurred prior to May 22, 2015.

### Illegal Collection Call to Plaintiff's Mother-in-Law

7. On or about November 16, 2015, an individual, from the defendant, called Plaintiff's mother-in-law at her residence, in an attempt to collect a debt in the amount of approximately $7,000.00, and indicated that Defendant would accept $1,261.00 in full settlement of the debt.  When Plaintiff's mother-in-law indicated that Plaintiff had filed Bankruptcy, the representative from Pinnacle informed Plaintiff's mother-in-law that the bankruptcy did not discharge the debt and that Plaintiff was still responsible to pay Pinnacle.  This telephone call was a "communication" in an attempt to collect a debt as defined by 15 U.S.C. § 1692a(2).

### Illegal Collection Call with Plaintiff

8. On or about December 3, 2016, Plaintiff received a telephone call from a representative of defendant, named "Miranda," demanding payment of the debt.  When informed by Plaintiff that he filed Bankruptcy, Plaintiff was informed by someone by the name of Miranda that "bankruptcy did not discharge the debt" and that Plaintiff would have to make payment arrangements. This telephone call was a "communication" in an attempt to collect a debt as defined by 15 U.S.C. § 1692a(2).

9.    The alleged debt of Plaintiff was incurred for personal, family, or household services, i.e. credit card, medical and/or personal loans.

10.    The above-described collection communication with Plaintiff and Plaintiff's mother-in-law  by Defendant were false, deceptive and illegal communications in an attempt to collect this debt, all done in violation of numerous and multiple provisions of the FDCPA, including but not limited to, 15 U.S.C. §§ 1692d, 1692e, 1692e(2), 1692e(8), 1692(e)(10) and 1692f, amongst others.

**Summary**

11.    All of the above-described collection communications made to Plaintiff by the defendant and collection employee(s) employed by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the provisions of the FDCPA cited herein.

12.     Plaintiff has suffered actual damages as a result of Defendant's illegal conduct in the form of anger, anxiety, embarrassment, emotional distress, fear, frustrations, upset, and loss of sleep amongst other negative emotions.

**<u>TRIAL BY JURY</u>**

13. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## CAUSES OF ACTION

## COUNT I.

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

## 15 U.S.C. § 1692 et seq.

14. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

15. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq., with respect to Plaintiff.

16. As a result of each Defendant's violations of the FDCPA, Plaintiff is entitled to actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant.

## COUNT II.

## INVASION OF PRIVACY BY INTRUSION OF SECLUSION

17. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

18. The Restatement of Torts Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

19. Delaware further recognizes the Plaintiff's right to be free from invasions of privacy, thus Defendant violated Delaware state law.

20. The defendant intentionally intruded upon the Plaintiff's right to privacy be contacting and harassing Plaintiff and by disclosing personal information to Plaintiff's mother-in-law.

21. The conduct of the Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

22. As a result of the intrusions and invasions, Plaintiff is entitled to actual damages in an amount to be determined at trial from the Defendant.

23. All acts of the Defendant were committed with malice, intent, wantonness, and recklessness, and as such, the Defendant is subject to punitive damages.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against each Defendant for the following:

A.     Declaratory judgment that Defendant's conduct violated the FDCPA;

B.     Actual damages;

C.     Statutory damages pursuant to 15 U.S.C. §1692k(a)(2)(A);

D.     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

E.     For such other and further relief as the Court may deem just and proper.


Respectfully submitted,

Dated: November 11, 2016

**THE LAW OFFICE OF
WILLIAM F. JAWORSKI**

By:  **/s/ William F. Jaworski, Jr.**
William F. Jaworski, Jr. Esquire
DE Attorney I.D.#3013
1274 S. Governors Avenue
Dover, DE 19904
Telephone:  (302) 730-8511
Facsimile: (302) 730-8510
Wjaworski@wfjlaw.com

**Attorney for Plaintiff**